UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS,
AUSTIN DIVISION

| | |
|---|---|
| MELANIE MOCK, Individually and on Behalf of All Others Similarly Situated, § § § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. 1:19-cv-00611-RP |
| ST. DAVID'S HEALTHCARE PARTNERSHIP, L.P., LLP, § § § | |
| Defendant. § | |

## PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

### I. INTRODUCTION

1.1     Plaintiff Melanie Mock ("Plaintiff"), on behalf of herself and all others similarly situated, files this First Amended Class Action Petition against Defendant St. David's Healthcare Partnership, L.P., LLP ("Defendant"), challenging Defendant's unfair, false, misleading and deceptive practice of charging its unsuspecting emergency care patients a surprise, substantial, yet totally undisclosed emergency room facility fee (hereinafter, "Surcharge") on top of the charges for the individual items of treatment and services provided.[1] Although knowledge of this Surcharge, which purportedly covers the overhead expenses of operating an emergency room facility, and which is essentially a "cover charge" or "surcharge" for being seen at Defendant's emergency room facilities, would be a substantial factor in a patient's decision to seek emergency

---

[1] The internal charge code that Defendant used to reference this Surcharge, known in hospital circles as a "Current Procedural Terminology" or "CPT" Code, is set at one of five levels, depending on the level of medical services provided, and is designated in Defendant's billing system as CPT Code 99281, 99282, 99283, 99284 or 99285.

care from Defendant, it is effectively concealed from Defendant's emergency room patients.

1.2   Using the brand name "St. David's HealthCare," Defendant operates approximately seven hospitals with emergency departments in the State of Texas. Plaintiff files this petition on behalf of herself and patients of Defendant who received treatment at any of these hospital emergency departments and who were billed a Surcharge during the four years preceding Plaintiff's filing suit.  By this pleading, Plaintiff seeks declaratory and injunctive relief on the basis that these undisclosed Surcharges were unauthorized by contract, unconscionable and violative of the Texas Deceptive Trade Practices – Consumer Protection Act, Tex. Bus. & Com. Code § 17.41 *et seq.* ("DTPA").

## II. PARTIES

2.1   Plaintiff Melanie Mock, a Texas citizen and resident of Travis County, was admitted to, treated at and released from St. David's South Austin Medical Center, one of Defendant's hospitals, which is located in Travis County, Texas.

2.2   Defendant St. David's Healthcare Partnership, L.P., LLP is a Texas Limited Liability Partnership with its principal place of business in Austin, Travis County, Texas that does business as "St. David's HealthCare" and as "St. David's South Austin Medical Center."  Plaintiff is informed, believes and alleges that Defendant owns, operates and/or provides management and billing services to all the St. David's HealthCare Hospitals, including South Austin Medical Center.  "St. David's South Austin Medical Center" is named as a defendant herein pursuant to the provisions of TEX. R. CIV. P. 28 and the analogous provisions of federal law.  Plaintiff specifically invokes her right to institute suit against whatever entity was conducting business using the assumed or

common name of "St. David's South Austin Medical Center" and/or "St. David's HealthCare" with regard to the events hereinafter described. Plaintiff specifically invokes her right under TEX. R. CIV. P. 28 and the analogous provisions of federal law to have the true name of this party substituted at a later time if necessary. **Defendant St. David's Healthcare Partnership, L.P., LLP was previously served with process by serving its registered agent, CT Corporation System, at its registered address, 1999 Bryan Street, Suite 900, Dallas, Dallas County, Texas 75201.**

### III.  JURISDICTION AND VENUE

3.1     The amount in controversy exceeds this Court's minimum jurisdictional requirements.

3.2     This Court has personal jurisdiction over Defendant because Defendant is a Texas Limited Liability Partnership; because Defendant's principal place of business is in Texas; because Defendant does business in Texas; because Defendant is registered to do business in Texas; because Defendant maintains an office, place of business or agency for transacting business in Texas; because Defendant contracted in Texas with Texas residents; and/or because Defendant's performance of the subject contracts, in whole or in part, occurred or is to occur in Texas.

3.3     Venue of this matter is proper in this Court because Defendant's principal office in this State is in Travis County, Texas, because the contracts were to be performed in whole or in part in Travis County, Texas and/or because a substantial part of the events or omissions giving rise to the claims pleaded herein occurred in Travis County, Texas.

3.4     This court has exercised diversity jurisdiction over this matter after Defendant removed it to this honorable court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1453 and 1711-15 (CAFA).

## IV.  FACTS

### A.     AGENCY ALLEGATIONS

4.1     Plaintiff is informed, believes and alleges that Defendant St. David's Healthcare Partnership, L.P., LLP exercises control over its constituent hospitals by developing and controlling their internal policies relating to pricing, billing and collection practices, among others.

4.2     Plaintiff is informed, believes and alleges that at Defendant's direction and with its approval each of the St. David's HealthCare Hospitals represents itself as being part of the St. David's HealthCare system.

4.3     At all relevant times each and every individual St. David's HealthCare Hospital included in this action was and is the agent of Defendant.  In committing the acts alleged herein each and every St. David's HealthCare Hospital acted in the course and scope of its agency and was acting with the consent, permission, authorization, satisfaction and knowledge of Defendant and perpetrated and/or aided and abetted the wrongdoings described herein.  Plaintiff is informed, believes and alleges that all actions of each St. David's HealthCare Hospital were ratified and approved by Defendant or its officers, directors, controlling persons, agents, partners or joint venturers.

### B.     GENERAL ALLEGATIONS

4.4     Plaintiff is informed, believes and alleges that at all relevant times all St. David's HealthCare Hospitals used a substantially similar form contract (hereinafter "Contract") drafted by Defendant, the terms of which are not dictated by statute or

otherwise, which all emergency care patients (or their agents) were presented with and asked to sign, and which contained a financial responsibility provision under which the patient (or his/her agent) promised to pay the hospital for the treatment and services being provided. However, none of Defendant's emergency room Contracts disclosed or even mentioned the Surcharge that Defendant intended to charge and did charge to its emergency room patients in addition to the charges for the specific services provided. Further, neither the Surcharge nor Defendant's intention to add a Surcharge to an emergency patient's bill is disclosed on signage posted in or around Defendant's emergency rooms or disclosed verbally during the emergency room registration process. Such charges, despite their significance, are completely unknown and come as a complete surprise to a typical emergency room patient, a fact which Defendant is or should be well aware of.[2]

4.5   Despite the lack of disclosure, at all relevant times Defendant has had a practice of charging emergency department patients (other than Medicare/Medicaid patients) a hidden and undisclosed Surcharge set at one of five levels, according to the seriousness and complexity of the patient's condition, with such level being based on a secret formula or algorithm known only to Defendant, and determined only after treatment is rendered. This Surcharge is imposed in addition to the itemized charges for the individual items of treatment or service provided to the patient. For example, for

---

[2] Plaintiff is informed and believes and thereon alleges that such Surcharges are not individually listed on the regular billing statements sent to patients, and that such Surcharges only appear on a specially requested, itemized billing statement, and only with a highly abbreviated, incomprehensible description. Thus, even after an unsuspecting patient is billed a Surcharge, the patient will not be aware that he or she was billed a surprise Surcharge which purportedly covers the overhead expenses of operating an emergency room.

Defendant's South Austin Medical Center the 2019 Surcharge amounts are as follows: Level 1: $396; Level 2: $719; Level 3: $1,364; Level 4: $2,800; and Level 5: $3,975.

4.6   Plaintiff is informed, believes and based thereon alleges that all of Defendant's hospitals included in this action likewise charged a hidden and undisclosed Surcharge to their emergency department patients.

4.7   Plaintiff is informed and believes and based thereon alleges that this substantial Surcharge is not based on the individual items of treatment or services provided to the patient, such as X-rays, laboratory services, sterile supplies, drugs, etc. Rather, it is a Surcharge charged to emergency patients simply for presenting and being seen at any one of Defendant's hospital emergency departments, and such Surcharge is imposed on top of the charges for specific items of treatment/services.  Further, the formula or algorithm which Defendant uses to determine the level of Surcharge (1, 2, 3, 4 or 5) is also hidden from patients, making it virtually impossible for patients to know or seek to control the level or amount of the Surcharge they will be charged for their visit. Further, it is not disclosed in Defendant's Contract and is not visibly posted on signage in or around Defendant's emergency departments, where a patient would at least have the opportunity to know of its existence, nor is it disclosed to patients verbally during the registration process.  Thus, Plaintiff is informed, believes and alleges that Defendant failed to inform emergency care patients that they would be billed a substantial undisclosed and unmentioned Surcharge which is charged on top of the charges for individual items of treatment furnished to the patient and which, if known to patients prior to treatment, would be a substantial factor in a patient's decision regarding whether to remain at the hospital and proceed with treatment.  The high cost of medical services is a matter of great public concern and emergency care patients have a right to

be informed of a substantial Surcharge before it is incurred. Defendant's failure to disclose its Surcharges contributes to a lack of pricing transparency and a lack of informed consent by patients, who are generally totally unaware of such Surcharges or how they are determined. Plaintiff is further informed, believes and alleges that many emergency care patients, if informed of Defendant's Surcharges prior to their being incurred, would choose to seek less costly treatment elsewhere.

4.8     Emergency patients have no reasonable opportunity to review or negotiate these Surcharges and they are not disclosed to patients in Defendant's Contracts or otherwise before Defendant's patients receive care. Accordingly, these patients cannot be deemed to have agreed to pay such Surcharges.

4.9     Despite being entitled to charge no more than the charges for services rendered, Defendant bills these additional Surcharges even though (a) these substantial Surcharges are not disclosed to patients in Defendant's Contracts, in signage posted in or around its emergency departments or verbally to patients at the time of registration, (b) emergency care patients cannot reasonably be expected to be aware of these Surcharges, (c) Defendant is well aware that most emergency patients are unaware of its intention to add a Surcharge to their bill, and (d) knowledge of the existence and amounts of these Surcharges would be a substantial factor in influencing a reasonable patient's decision as to whether to remain and seek treatment at a St. David's HealthCare Hospital emergency department. The failure to disclose the Surcharges is particularly egregious in light of the fact that Defendant represents itself as a partnership with two non-profit foundations which reinvest the proceeds of operating Defendant's hospitals back into the local community. Unlike a normal arms-length transaction between a buyer and seller, a patient seeking medical services at one of

Defendant's emergency departments places a great degree of trust and confidence on the good intentions of the hospital to treat him or her fairly and with compassion. This trust and reliance is heightened by Defendant's Values statement, in which Defendant represents its Values as "I.C.A.R.E.: Integrity; Compassion; Accountability; Respect; Excellence."

4.10   Defendant's failure to disclose its intention to bill Plaintiff and Class members a substantial emergency department Surcharge constitutes actionable consumer fraud or deceit because Defendant had exclusive knowledge that it would be billing Plaintiff and Class members such a Surcharge; this fact was not known or reasonably accessible to Plaintiff or Class members at the time of their emergency department visits; such Surcharges are substantial; and/or Defendant actively concealed its intention to bill Plaintiff and Class members such a Surcharge by failing to mention it in its Contract, in signage posted in the emergency room facilities or verbally during registration. A reasonable consumer would deem the fact that he or she would be billed a substantial Surcharge to be an important factor in determining whether or not to remain and obtain treatment at the hospital's emergency room facilities.

## C.   THE REPRESENTATIVE PLAINTIFF'S CLAIM

4.11   On or about October 27, 2018, Plaintiff Melanie Mock received emergency treatment/services at St. David's South Austin Medical Center, where she was provided with and signed Defendant's form Contract. While there, Plaintiff received no notice or warning, either in Defendant's Contract, in posted signage in the emergency department or verbally at the time of registration, as to the substantial Surcharge that Defendant intended to add (and did add) to Plaintiff's bill on top of the individual charges for each item of treatment and services provided to her. Plaintiff is a consumer as defined in Tex.

Bus. & Com. Code § 17.45(4), a provision of the Texas Deceptive Trade Practices – Consumer Protection Act, Tex. Bus. & Com. Code § 17.41 *et seq.* ("DTPA").

4.12   The gross amount (before discounts) Defendant subsequently billed for the treatment/services provided to Plaintiff was $13,288.00, which included a Surcharge of $2,800.00.  This Surcharge was hidden by Defendant's failure to disclose the Surcharge prior to treatment, or on the summary billing statement sent to Plaintiff after the charge was incurred.

4.13   Plaintiff was shocked, dismayed and aggrieved after she specially requested, and obtained an itemized billing statement and found out that she had been charged a "LVL 4 EMER DEPT" Surcharge of $2,800 in addition to all of the individual items of treatment and services as a result of merely being seen in Defendant's emergency department.

## V.  CLASS ACTION ALLEGATIONS

5.1   Plaintiff brings this claim for declaratory relief pursuant to Fed. R. Civ. P. 23, the Declaratory Judgments Act, 28 U.S. Code § 2201, Tex. Bus. & Com. Code § 17.50(b)(4) and/or other applicable law on behalf of herself and a class of all other persons similarly situated, defined as follows:

> All individuals who, within four years of Plaintiff's filing suit, received treatment at a St. David's HealthCare hospital's emergency department located in the State of Texas and who were charged an emergency department facility fee with a CPT Code of 99281, 99282, 99283, 99284, or 99285, which was billed on top of the charges for the individual items of treatment and services provided (the "Class").

> Excluded from the Class are any officers or directors of Defendant, together with the legal representatives, heirs, successors or assigns of Defendant and any judicial officer assigned to this matter and his or her immediate family.

5.2     This action has been brought and may properly be maintained as a class action, satisfying the numerosity, commonality, predominance, typicality, adequacy of representation and superiority requirements.  Plaintiff seeks to represent an ascertainable Class with a well-defined community of interest in the questions of law and fact involved in this matter.

5.3     The members of the Class are so numerous that joinder of all members of the Class is impractical.  Plaintiff is informed, believes and alleges that the Class consists of at least tens of thousands of persons.

5.4     This action involves the question of whether Defendant's uniform practice of failing to disclose and subsequently billing emergency care patients a substantial Surcharge is unfair, false, deceptive and/or misleading and constitutes a deceptive trade practice as defined by the DTPA.  These questions predominate over any individual issues that might exist.

5.5     The claims of Plaintiff are typical of the claims of the Class and Plaintiff is a member of the Class as defined.

5.6     Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff shares the same interests as all Class members because Plaintiff's claims are typical of those of other Class members.  Plaintiff has retained competent class counsel who are experienced in class action litigation and who will fairly and adequately protect the interests of the Class members.  Both Plaintiff and the members of the Class are consumers as defined in Tex. Bus. & Com. Code § 17.45(4), a provision of the DTPA.

5.7     This action is properly maintained as a class action in that the prosecution of separate actions by individual members of the class would create a risk of inconsistent

or varying adjudications with respect to individual members of the class which would establish incompatible standards for the party opposing the class.

5.8     This action is properly maintained as a class action in that the prosecution of separate actions by or against individual members of the Class would create a risk of adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

5.9     This action is properly maintained as a class action in that Defendant has acted or refused to act on grounds generally applicable to all the members of the Class and has engaged in a system wide policy of billing emergency care patients a substantial undisclosed Surcharge, thereby making final injunctive and corresponding declaratory relief concerning the Class as a whole appropriate.

5.10    There are questions of law and fact common to the Class including, but not limited to:

(a)     Whether Defendant had a policy and practice of using a single, adhesive, admissions agreement for incoming patients in each of its emergency departments;

(b)     Whether Defendant had a duty to disclose to its emergency patients its policy of imposing Surcharges on top of the charges for the specific items of treatment and services provided;

(c)     Whether Defendant had a policy and practice of failing to inform its emergency care patients of the existence and amounts of these Surcharges;

(d)     Whether Defendant had a policy and practice of concealing the Surcharge from its emergency care patients;

(e) Whether Defendant had a policy and practice of concealing its formula or algorithm for determining the level of its Surcharge from its emergency care patients;

(f) Whether Defendant knew that some patients would not have sought emergency services from Defendant had this information been disclosed;

(g) Whether Defendant's Contract authorizes Defendant to bill Class members these Surcharges;

(h) Whether Defendant's Contract contains a promise by patients to pay these Surcharges;

(i) Whether Defendant's practice of billing undisclosed Surcharges to Class members is an unconscionable billing practice;

(j) Whether Defendant properly disclosed its Surcharges in its Contracts or on signage posted at or around its emergency departments or during the registration process;

(k) Whether the acts and conduct of Defendant alleged herein render a declaration necessary and proper as to the rights of Defendant and the obligations of Plaintiff and the Class;

(l) Whether Defendant's acts and omissions complained of are unconscionable as defined by Texas common law;

(m) Whether Defendant's acts and omissions complained of are an unconscionable action or course of action as defined in Tex. Bus. & Com Code § 17.45(5), a provision of the DTPA; and

(n)  Whether Defendant's acts and omissions complained of constitute one or more deceptive acts, practices and misrepresentations as defined in the DTPA.

5.11  A class action is superior to other available methods for the fair and efficient adjudication of this litigation since joinder of all Class members is impracticable and it would be virtually impossible for the Class members to efficiently redress their wrongs individually.  Even if all Class members could afford such individual litigation themselves the court system would benefit from a class action. Individualized litigation would present the potential for inconsistent or contradictory judgments, particularly because this action revolves around a "duty to disclose," which is the same determination for every Class member.  Individualized litigation would also magnify the delay and expense to all parties and the court system presented by the issues of the case.  By contrast, the class action device presents far fewer management difficulties and provides the benefit of comprehensive supervision by a single court as well as economies of scale and expense.

5.12  The definition of the class is clear and the members of the class are easily identifiable based on objective information. Members of the class can be identified using information that is kept by Defendant in the usual course of business and/or in the control of Defendant. Class members can be notified of the class action through publication and direct mailings to address lists maintained in the usual of course of business by Defendant.

## VI.  FIRST CAUSE OF ACTION: SUIT FOR DECLARATORY JUDGMENT

6.1  Plaintiff herein repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as though the

same were set forth at length herein.

  6.2 Plaintiff and the members of the Class are consumers as that term is defined in Tex. Bus. & Com. Code § 17.45(4), a provision of the DTPA, in force at the time Defendant committed the acts and omissions of which Plaintiff complains. Pursuant to the Declaratory Judgments Act, 28 U.S. Code § 2201, Fed. R. Civ. P. 57 and Tex. Bus. & Com. Code § 17.50(b)(4) Plaintiff requests that this Court issue a declaratory judgment declaring:

  (a) that Defendant's billing practices as they relate to Plaintiff and the Class are unconscionable as defined by Texas common law;

  (b) that Defendant's billing practices as they relate to Plaintiff and the Class members are an unconscionable action or course of action as defined by Tex. Bus. & Com. Code §17.45(5), a provision of the DTPA;

  (c) that the Contract does not authorize Defendant to charge the undisclosed Surcharges complained of;

  (d) that Plaintiff and the members of the Class are liable to Defendant under the Contract for no more than the charges for the individual items of treatment/services provided;

  (e) that Defendant's billing practices as they relate to Plaintiff and the Class are deceptive trade practices as defined in the DTPA and, more particularly, by Tex. Bus. & Com. Code §§ 17.46 and 17.50; and

  (f) that the Contract does not authorize Defendant to charge undisclosed Surcharges.

  6.3 An actual controversy exists between Plaintiff and Defendant relating to their respective legal rights and duties. Plaintiff contends that Defendant has a duty to

fully disclose its emergency room Surcharge and to disclose the basis on which the amount of that charge will be determined prior to rendering services that result in such Surcharge being incurred. Plaintiff further contends that under Defendant's Contract she is only required to pay the Hospital's charges for individual items of treatment/services rendered and not its undisclosed Surcharge. In contrast, Defendant asserts that its Contract entitles it to bill a Surcharge in addition to the individual items of treatment/services rendered and has billed Plaintiff a Surcharge. To resolve the ongoing disputes over Defendant's Surcharges, Plaintiff and members of the Class are entitled to a determination as to whether Defendant has a duty to disclose its Surcharge in advance of such Surcharge being incurred and are further entitled to a declaration and appropriate injunctive relief with regard to a patient's legal rights and duties with respect to Defendant's Surcharges and the construction of Defendant's Contract. Specifically, Plaintiff and members of the Class are entitled to a declaration that Defendant's practice of charging a substantial undisclosed Surcharge in addition to the charges for the specific services and treatments provided is not authorized by Defendant's Contract, is violative of Texas common law and is violative of the DTPA. This relief is authorized by the Declaratory Judgments Act, 28 U.S. Code § 2201, Fed. R. Civ. P. 57 and Tex. Bus. & Com. Code § 17.50(b) subparts (2) and (4).

6.4    Plaintiff and members of the Class are entitled to a further declaration that Defendant owed Plaintiff and Class members a duty to disclose, in advance of providing treatment that would trigger a Surcharge, its intention to charge such a Surcharge because of (1) the substantial nature of Defendant's Surcharge, (2) the special relationship that exists between Defendant and emergency department patients, (3) the hidden nature of Defendant's Surcharge, (4) the general lack of knowledge of emergency

department patients as to Defendant's intention to bill them such a Surcharge, (5) the lack of reasonable opportunity for an emergency department patient to find out about such a Surcharge prior to incurring it, (6) the fact that Defendant is aware that many, if not most patients, are unaware of Defendant's intention to bill them a Surcharge, and (7) the fact that knowledge of such a Surcharge would be a material factor in a patient's decision regarding whether to remain at Defendant's emergency department or seek less costly treatment elsewhere. Of particular significance in connection with Defendant's acts and practices complained of are Tex. Bus. & Com. Code § 17.46(b), subparts (12) and (24).

6.5   Plaintiff and the members of the Class are also entitled to declaratory and injunctive relief to prohibit Defendant from continuing to bill emergency patients for Surcharges without full and fair disclosure in advance of treatment which will trigger such Surcharges and to prohibit Defendant from pursuing ongoing collection activity based on such Surcharges.

6.6   The declarations sought above are necessary and appropriate since Plaintiff and the Class have been impacted financially by Defendant's undisclosed Surcharges. By granting the declaratory relief sought by Plaintiff this Court will clarify and resolve an ongoing and continuing dispute as to the rights and duties of the parties with regard to Defendant's billing practices. Even for those patients whose Surcharge has not yet been paid, they should not have to wait until collection efforts are under way before obtaining a legal determination of their obligations with respect to Defendant's Surcharges. Finally, the declarations sought herein would benefit future emergency care patients of Defendant by bringing about increased pricing transparency and informed consent.

6.7     No monetary damages or restitution are sought in this petition.  However, Plaintiff has incurred and is entitled to recover costs and reasonable and necessary attorneys' fees in seeking this declaratory judgment pursuant to Tex. Bus. & Com. Code § 17.50(d) and Fed. R. Civ. P. 23(h).

## VII.  SECOND CAUSE OF ACTION: REQUEST FOR RELIEF UNDER DTPA

7.1     Plaintiff herein repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as though the same were set forth at length herein.

7.2     Defendant has committed one or more deceptive trade practices, as defined in the DTPA, against Plaintiff and the members of the Class.  More particularly, Defendant's acts, practices and misrepresentations complained of constitute one or more violations of the following provisions of the DTPA: Tex. Bus. & Com. Code § 17.46(b) subparts (12) and (24) and Tex. Bus. & Com. Code § 17.50(a) subparts (1) and (3).

7.3     Pursuant to Tex. Bus. & Com. Code § 17.50(b) Plaintiff and the members of the Class seek an order enjoining Defendant's acts and failures to act complained of herein, including but not limited to:

(a)     seeking collection of the undisclosed Surcharges from Plaintiff and the members of the Class;

(b)     seeking collection of Surcharges from future emergency room patients unless the Surcharge is clearly and conspicuously communicated to them prior to the same being incurred;

(c)     representing that the Contract authorizes Defendant to charge undisclosed Surcharges; and

(d) seeking collection of more than the charges for the individual items of treatment/services provided to Plaintiff and the members of the Class.

7.4 Pursuant to Tex. Bus. & Com. Code § 17.50 (b)(4), Plaintiff and the members of the Class seek any other and further relief which the Court deems proper.

7.5 Pursuant to Tex. Bus. & Com. Code § 17.50(d), Plaintiff and the Class seek their court costs and reasonable and necessary attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on her own behalf and on behalf of the Class, prays for the following relief against Defendant:

1. For an order certifying that this action may be maintained as a class action against Defendant, appointing Plaintiff and her counsel to represent the Class, and directing that reasonable notice of this action be given by Defendant to the members of the Class;

2. For a declaration or declarations as prayed for herein;

3. For injunctive relief to enforce the relief prayed for herein;

4. For an order awarding Plaintiff and members of the Class the costs of the suit including, but not limited to, reasonable attorneys' fees and expenses and expert fees; and

5. For such other and further relief as may be just and proper.

Respectfully submitted,

BLUMBERG BAGLEY PLLC

by: */s/ Daniel E. Blumberg*
   Daniel E. Blumberg
   Texas Bar No. 02512985
   daniel@blumbergbagley.com
   Peter F. Bagley
   Texas Bar No. 00783581
   peter@blumbergbagley.com
2304 Interstate 20 West, Suite 190
Arlington, Texas 76017
(817) 277-1500
Facsimile (817) 277-1170

LAW OFFICE OF BARRY KRAMER

By: */s/ Barry L. Kramer*
   Barry L. Kramer
   kramerlaw@aol.com
9550 S. Eastern Avenue, Suite 253
Las Vegas, NV  89123
(702) 778-6090

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2019, the foregoing document was served on counsel for Defendant via electronic mail pursuant to Local Rule CV-5.2(e).

*/s/ Daniel E. Blumberg*
Daniel E. Blumberg