**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MELANIE MOCK, On Behalf of Herself** | § | |
| **and Others Similarly Situated** | § | |
| | § | |
| | § | |
| **VS.** | § | **NO. A-19-CV-611-RP** |
| | § | |
| **ST. DAVID'S HEALTHCARE** | § | |
| **PARTNERSHIP, LP, LLP** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ROBERT PITMAN
        UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 39); Plaintiff's Response (Dkt. No. 43); and Defendant's Reply (Dkt. No. 46). The District Court referred the motion to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules.

## I.  BACKGROUND

This is a putative class action suit in which Plaintiff Melanie Mock asserts DTPA and Federal Declaratory Judgment Act claims against Defendant St. David's Healthcare Partnership, LP, LLP. Mock asserts that St. David's improperly charged her and other patients hidden emergency department fees for "overhead expenses" in the form of a surcharge. Mock seeks declaratory and injunctive relief. St. David's moves to dismiss with prejudice arguing that Mock lacks standing to bring her claims and that St. David's complies with all federal and state laws governing disclosure and billing in charging these fees. St. David's further argues that Mock has failed to plead a viable

DTPA claim, and therefore cannot bring a Federal Declaratory Judgment Act claim. Mock responds that she has suffered an injury in fact conferring standing and she has pled a viable DTPA claim.

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(1) Standard of Review

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge the subject matter jurisdiction of the district court. FED. R. CIV. P. 12(b)(1); *Rodriguez v. Texas Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998), *aff'd*, 199 F.3d 279 (5th Cir. 2000). A Rule 12(b)(1) challenge to the court's subject matter jurisdiction to hear a claim may address the sufficiency of the facts pleaded in the complaint (a "facial" attack) or may challenge the accuracy of the facts underpinning the claimed federal jurisdiction (a "factual" attack). *See King v. U.S. Dep't of Veteran's Affairs*, 728 F.3d 410, 413 (5th Cir. 2013) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)) (noting that subject matter jurisdiction is amenable to a facial or factual attack).

St. David's asserts a factual attack on Mock's claims. "An attack is 'factual' rather than 'facial' if the defendant 'submits affidavits, testimony, or other evidentiary materials'" to controvert subject matter jurisdiction. *Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (quoting *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). "A 'factual attack' under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citing *Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884, 891–92 (3d Cir. 1977)). "When a factual attack is made upon federal jurisdiction, no presumptive truthfulness attaches to the [plaintiff's] jurisdictional allegations, and the court is free to weigh the

2

evidence and satisfy itself as to the existence of its power to hear the case." *Cell Sci. Sys. Corp. v. Louisiana Health Serv.*, 804 Fed. Appx. 260, 263-64 (5th Cir. 2020) (citing *Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir. 1981)).When a Rule 12(b)(1) motion is filed with a Rule 12(b)(6) motion, the court should consider the jurisdictional attack before addressing the 12(b)(6) motion. *Rodriguez*, 992 F. Supp. at 879.

## B.     Rule 12(b)(6) Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.* The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## III. ANALYSIS

Mock brings her class action claims pursuant to the DTPA, Texas Business & Commerce Code § 17.01 *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, for St. David's

alleged undisclosed fees. Mock deems these fees a "surcharge," though St. David's terms it an "ED

Facility Fee."  The Court uses St. David's nomenclature.

**A.     Relevant Facts**

Mock was admitted to the St. David's South Austin Medical Center's Emergency Department

on October 27, 2018. Dkt. No. 21 at 8.  Upon admission she signed St. David's form contract, called

the Conditions of Admission and Consent for Outpatient Care. Dkt. Nos. 39-1, 39-4.  In relevant

part, it states:

> 5. **Financial Agreement**. In consideration of the services to be rendered to Patient,
> Patient or Guarantor individually promises to pay the Patient's account at the rates
> stated in the hospital's price list (known as the "Charge Master") effective on the date
> the charge is processed for the service provided, which rates are hereby expressly
> incorporated by reference as the price term of this agreement to pay the Patient's
> account. Some special items will be priced separately if there is no price listed on the
> Charge Master. An estimate of the anticipated charges for services to be provided to
> the Patient is available upon request from the hospital. Estimates may vary
> significantly from the final charges based on a variety of factors, including, but not
> limited to, the course of treatment, intensity of care, physician practices, and the
> necessity of providing additional goods and services.

*Id.* The Charge Master is located on St. David's website, https://stdavids.com/about/legal/detail-

price-list.dot#, and lists the fees in issue, which St. David's declares have been available since

January 1, 2018. Dkt. No. 39-1.[1]  The Charge Master contained on the St. David's website is an

Excel spreadsheet with three columns. The first column contains a five digit code described as

"Procedure ID," the second column called "Description" contains an abbreviated description of a

service, and the third column, deemed "Amount" contains numbers which apparently represent

prices, although there are no dollar signs with these entries. There are over 38,000 entries listed on

---

[1]St. David's stated the Charge Master is attached as an exhibit to the Katz declaration, but
it was not.  Mock, however, attached a printed copy of the Charge Master to her Response, Dkt. No.
44-3, and thus the Charge Master is before the Court.

the spreadsheet. The Charge Master identifies five possible pricing levels for the ED Facility Fee: Level 1: $396; Level 2: $719; Level 3 $1,364; Level 4: $2,800; and Level 5: $3,975.  Mock was charged the Level 4 fee of $2,800.  The Contract further states:

> I, the undersigned, as the Patient or Patient Representative, or, for a minor/incapacitated Patient, as the legal guardian, hereby certify I have read, and fully and completely understand this Conditions of Admission and Authorization for Medical treatment, and that I have signed this Conditions of Admission and Authorization for Medical Treatment knowingly, freely, voluntarily and agree to be bound by its terms. I have received no promises, assurances, or guarantees from anyone as to the results that may be obtained by any medical treatment or services. If insurance coverage is insufficient, denied altogether, or otherwise unavailable, the undersigned agrees to pay all charges not paid by the insurer.

Dkt. No. 39-4.  Mock was billed $13,288.00 including a $2,800.00 ED Facility Fee for her visit to the St. David's emergency room. Dkt. No. 21 at 9. St. David's bill to Mock's insurer included a HCPCS code of 99284 for the ED Facility Fee. Dkt. No. 39-2. After insurance reductions and a payment of $75.00, Mock owes St. David's $8,960.84.  Dkt. No. 39-7. To date, Mock has not paid any portion of this bill. Dkt. No. 39-1.

Mock seeks a number of declarations for herself and the putative class and also requests an injunction.  With regard to the declarations, she asks that the Court declare that: (1) St. David's billing practices for the ED Facility Fee are unconscionable under Texas common law and the DTPA; (2) the Contract she signed does not authorize the ED Facility Fee; (3) Mock and the putative class are not liable for the ED Facility Fee; and (4) St. David's billing practices for the ED Facility Fee are deceptive trade practices under DTPA. Dkt. No. 21 at 14. For injunctive relief, she requests an injunction that would require St. David's to disclose the ED Facility Fee before treatment and prohibit St. David's from billing and collecting the ED Facility Fee without advance disclosure. *Id.* at 16-18.

**B.      Subject Matter Jurisdiction**

St. David's first argues that the Court should dismiss Mock's suit because she lacks Article III standing, contending Mock cannot demonstrate either an injury in fact or redressability. Article III of the Constitution limits the exercise of the judicial power to "cases" and "controversies." U.S. CONST. art. III, § 2, cl. 1. "If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S.___ , 136 S. Ct. 1540, 1547 (2016). "The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Id.* (citations omitted). "The party invoking federal jurisdiction bears the burden of establishing" it has standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To satisfy the "irreducible constitutional minimum" of standing under Article III, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.*  St. David's only contests the first and third elements of the test.  Dkt. No. 39 at 14.

**1.      Injury In Fact**

To show injury in fact, a plaintiff must allege "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 126 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560). St. David's asserts that a plaintiff seeking only injunctive or declaratory relief, as Mock does here, must show "there is a substantial likelihood that he will suffer injury in the future," and she failed to show this.  *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). St. David's asserts that Mock has not alleged she will again seek

treatment at St. David's Emergency Department and again be charged a surcharge or facility fee. Additionally, St. David's contends it disclosed the ED Facility Fee in the Charge Master, in accordance with federal regulations and Texas laws on hospital price disclosures, and thus Mock suffered no injury. Mock responds that receipt of a bill from St. David's and St. David's assertion that her bill is unpaid and still owed qualifies as a concrete actual injury in fact. Dkt. No. 43 at 12. The Court agrees with Mock.

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Bauer*, 341 F.3d at 358. "In order to obtain an injunction, a plaintiff must demonstrate that she 'face[s] a realistic threat' of the defendant's policy harming her in the future." *Gilbert v. Donahoe*, 751 F.3d 303, 313 (5th Cir. 2014).  In a recent case raising the identical issue with regard to a Houston hospital, filed and defended by the same counsel as this case, U.S. District Judge Sim Lake held:

> A contractual obligation to pay money incurred is sufficient to establish an injury in fact even when that debt has not been and may never be paid. *E.M. v. New York City Department of Education*, 758 F.3d 442, 458-460 (2d Cir. 2014)). And a party to a contract generally has Article III standing to bring claims for declaratory relief related to that contract. *BroadStar Wind Systems Group Limited Liability Co. v. Stephens*, 459 F. App'x 351, 356 (5th Cir. 2012). Accordingly, Plaintiff's obligation to pay the Service Fee under the contract is an actual injury relevant to her claims that the service charge is unconscionable and that Defendants unlawfully induced her to enter the contract in violation of the DTPA.

*Riley v. Houston NW Operating Co., L.L.C.*, 2020 WL 3103899, at *3 (S.D. Tex. June 11, 2020). The Court further rejected the healthcare provider's argument, identical to St. David's argument here, that Mock suffered no injury because the billing practices are in accordance with both state and federal law. The Court stated:

> But whether Plaintiff's claims will fail given Defendants' compliance with these laws and regulations is not relevant to determining whether she has standing. *See Steel Co. v. Citizens for a Better Environment*, 118 S. Ct. 1003, 1010 (1998) ("[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional power to adjudicate the case."). For the purpose of determining Plaintiff's standing, the court must assume her legal claims have merit. *See North Cypress Medical Center Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015). Assuming that Plaintiff is correct that the Service Fee is unlawful, she would be injured if forced to pay the fee under the Patient Contract.

*Id.* Adopting this reasoning, the Court concludes that Mock satisfies the injury-in-fact requirement for standing, as her outstanding debt to St. David's, which includes the entirety of that $2,800.00 fee, demonstrates she has suffered an actual injury.

### 2.   Redressability

As to the redressability prong of the standing inquiry, St. David's alleges that federal and state law already provide Mock with the relief she is seeking—the "full and fair" disclosure of the ED Facility Fee before treatment. Dkt. No. 39 at 19. St. David's asserts that it complies with those laws by making the Charge Master available online. *Id.* Once again, this argument misses the mark. All Mock must show is that a favorable judicial decision in this case will likely redress her injury. *Lujan*, 504 U.S. at 561, 112 S.Ct. 2130. To redress an injury, the judicial remedy must "personally . . . benefit [the plaintiff] in a tangible way . . . ." *Warth v. Seldin*, 422 U.S. 490, 508 (1975). The Court has identified Mock's injury as the debt she owes to St. David's for the fees imposed.  Her requested relief includes declarations that St. David's ED Facility fee is unconscionable under Texas common law and the DTPA; that the Contract signed by Mock does not authorize the ED Facility Fee; that Mock is not liable for the ED Facility Fee; and that St. David's billing practices incorporating the ED Facility Fee are deceptive trade practices pursuant to the DTPA. Each of these

requested declarations would redress Mock's injury. *Riley,* 2020 WL 3103899, at *3. She therefore fulfills the redressability prong of the standing analysis as to this portion of the relief requested.

But Mock also requests injunctive relief that is forward looking, which would require St. David's to disclose the ED Facility Fee before treatment, and prohibit it from billing and collecting the ED Facility Fee without advance disclosure. As Judge Lake noted in *Riley*, such an injunction would not address the injury Mock is suing for in this case—her debt to St. David's. Instead, it would address future emergency room patients, and Mock has submitted no evidence that she is likely to suffer any such future injury. She therefore lacks standing to sue for this injunction. *Riley*, 2020 WL 3103899 at *4 (citing *Stringer v. Whitley*, 942 F.3d 715, 721 (5th Cir. 2019)).

## C.     Failure to State a Claim

St. David's also asserts that Mock's claims brought pursuant to the Declaratory Judgment Act and DTPA should be dismissed for failure to state a claim pursuant to Rule 12(b)(6). It makes six arguments: (1) St. David's has complied with applicable state and federal law because it disclosed the ED Facility Fee in the Charge Master which is referenced in the Contract Mock signed upon admission; (2) the DTPA claim fails because Mock failed to plead economic damages and did not plead the alleged fraud with enough particularity to comply with Rule 9; (3) Mock failed to adequately plead a claim specifically enumerated in TEX. BUS. & COM. CODE § 17.50(a); (4) Mock failed to adequately plead a DTPA unconscionability claim; (5) the putative class's DTPA claims are largely time-barred; and (6) Mock has failed to plead a viable declaratory judgment claim.

### 1.     St. David's Compliance with State and Federal Law

St. David's asserts that Mock cannot state a claim that St. David's failed to disclose the ED Facility Fee in its contracts or failed to inform emergency room patients they would be billed for the

ED Facility Fee because its Charge Master complies with federal and state law. The Affordable Care Act requires each hospital operating within the United States to establish and make public "a list of the hospital's standard charges for items and services provided by the hospital." 42 U.S.C. § 300gg-18(e) (2018). The implementation guidelines provided that "hospitals either make public a list of their standard charges (whether that be the charge master itself or in another form of their choice), or their policies for allowing the public to view a list of those charges in response to an inquiry." 79 Fed. Reg. at 50,146. Effective January 1, 2019, the Centers for Medicare and Medicaid Services updated its guidelines to require hospitals to post their standard charges online in a machine-readable format and update the information annually. 83 Fed. Reg. 41,144, 41,686-88 (Aug. 17, 2018).

St. David's contends that the ED Facility Fee is disclosed in the Charge Master, which is referenced in the Contract. Dkt. No. 39 at 19.  It further asserts that the Charge Master is also available to any patient who requests a copy. As evidence, St. David's relies on the Contract, the website at https://stdavids.com/about/legal/detail-price-list.dot#, and the Declaration of its attorney. Dkt. No. 39-1. It asserts that its Charge Master is in compliance with federal law and the regulations set forth above.  It also contends that its Charge Master complies with Texas Law, relying on TEX. HEALTH & SAFETY CODE § 324.101(a)-(e). It argues that § 324.101(d) "specifically addresses required disclosures for the billing of hospital services and supplies, including in the emergency department, but does not include any requirement for the disclosure of the ED Facility Fee." Dkt. No. 39 at 17. Section 324.101(d) states:

> (d) The facility shall provide an estimate of the facility's charges for any elective
> inpatient admission or nonemergency outpatient surgical procedure or other service
> on request and before the scheduling of the admission or procedure or service. The

estimate must be provided not later than the 10th business day after the date on which the estimate is requested. . . .

TEX. HEALTH & SAFETY CODE ANN. § 324.101(d).  St. David's argues that because its billing practices regarding the ED Facility Fee comply with federal and state law and regulations, Mock cannot bring a DTPA claim or Declaratory Judgment Act claim asserting a failure to disclose

Assuming that the Charge Master complies with the minimum requirements of state and federal law—a question the Court does not resolve here—such compliance is beside the point, as Mock does not contend otherwise in her DTPA claim. St. David's argues that the ED Facility Fee is a government approved industry-wide standard charge, that federal and state law govern the disclosure and billing of the Fee, and Mock should not be allowed to second-guess legislation addressing disclosure of the Fee. Dkt. No. 46 at 4-5.  This is essentially—though St. David's doesn't it call it this—a preemption argument.  There are three types of preemption: express, field, or conflict. *Arizona v. United States*, 567 U.S. 387, 399 (2012) (quoting Art. VI, cl. 2). Field preemption would be the doctrine applicable here.  It exists when there is a "framework of regulation 'so pervasive . . . that Congress left no room for the States to supplement it' or where there is a 'federal interest . . . so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.'" *Id.* at 399 (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947).  "In preemption analysis, courts should assume that the historic powers of the States are not superseded unless that was the clear and manifest purpose of Congress." *Id.* at 400. In this case, St. David's is arguing that its system of disclosure is in compliance with both federal and *state* law, which is commensurate with conceding that federal law leaves room for states to legislate in that same area, and thus its preemption argument fails out of the gate.  The DTPA is a law of the

11

state of Texas as much as the Texas Health and Safety Code is, and if the latter is not precluded by federal law, the former is not either.[2]

## 2.     DTPA Claims

Mock brings claims under two sections of the DTPA: § 17.50(a)(1) (the so-called DTPA "laundry-list") and § 17.50(a)(3), the DTPA's unconscionability provision. St. David's asserts these claims should be dismissed because Mock has failed to plead causation and damages, essential elements of a DTPA claim.

To establish a DTPA claim, a plaintiff must prove: "(1) the plaintiff was a consumer; (2) the defendant either violated one of the "laundry-list" items of the DTPA or engaged in an unconscionable action or course of action; and (3) the DTPA violation was a producing cause of the plaintiff's injury. *Bus. Staffing, Inc. v. Jackson Hot Oil Serv.*, 401 S.W.3d 224, 236 (Tex. App. 2012). The language of the DTPA relevant to this case states:

> (a)   A consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish:
>
> (1)   the use or employment by any person of a false, misleading, or deceptive act or practice that is:
>
> (A)   specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this subchapter; and
>
> (B)   relied on by a consumer to the consumer's detriment;
>
> * * *
>
> (3)   any unconscionable action or course of action by any person;

_____

[2]To the extent St. David's believes the Health and Safety Code provisions preempt the DTPA in the hospital setting, its has failed to articulate that argument in sufficient detail for the Court to consider it as even having been asserted, and the Court thus does not address it.

* * *

(b)     In a suit filed under this section, each consumer who prevails may obtain:

   (1)     the amount of economic damages found by the trier of fact. If the trier of fact finds that the conduct of the defendant was committed knowingly, the consumer may also recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of economic damages; or if the trier of fact finds the conduct was committed intentionally, the consumer may recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of damages for mental anguish and economic damages;

   (2)     an order enjoining such acts or failure to act;

   (3)     orders necessary to restore to any party to the suit any money or property, real or personal, which may have been acquired in violation of this subchapter; and

   (4)     any other relief which the court deems proper, including the appointment of a receiver or the revocation of a license or certificate authorizing a person to engage in business in this state if the judgment has not been satisfied within three months of the date of the final judgment. The court may not revoke or suspend a license to do business in this state or appoint a receiver to take over the affairs of a person who has failed to satisfy a judgment if the person is a licensee of or regulated by a state agency which has statutory authority to revoke or suspend a license or to appoint a receiver or trustee. Costs and fees of such receivership or other relief shall be assessed against the defendant.

TEX. BUS. & COM. CODE ANN. § 17.50.

### a.     Failure to Plead Economic Damages

St. David's asserts that because Mock is requesting only injunctive and declaratory relief, she cannot state a DTPA claim because she has failed to plead she suffered any damages and has failed to demonstrate causation for those damages. Mock responds that the allegations demonstrating she suffered an injury in fact for standing purposes also demonstrate she suffered economic damages

sufficient to state a DTPA claim. Mock is correct.  To prevail on a DTPA claim, a consumer must establish the defendant violated a specific provision of the Act and that this violation was a producing cause of the consumer's injury. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). Mock has pled that St. David's failure to disclose the ED Facility Fee resulted in her incurring a $2,800.00 charge, an amount which she still owes St. David's. Dkt. No. 21 at 8-9.

St. David's real claim appears to be a complaint that Mock is not requesting money damages as relief for her claim.   Under the DTPA, consumers have "several remedies from which to choose and . . . the court is to grant the consumer that relief which the consumer proves a right to receive." *Woods v. Littleton*, 554 S.W.2d 662, 669 (Tex. 1977). The statute allows each consumer who prevails on a DTPA claim various remedies, which include "an order enjoining such acts or failure to act," and "orders necessary to restore to any party to the suit any money or property, real or personal, which may have been acquired in violation of this subchapter."  TEX. BUS. & COM. CODE § 17.50(b)(2)-(3). Nothing in the DTPA requires Mock to plead for economic or mental anguish damages. *See Sadeghian v. Jaco*, 2020 WL 400172, at *4 (Tex. App. Jan. 23, 2020, reh'g denied) (the argument that the DTPA only allowed the plaintiff to receive economic damages or mental anguish damages is incorrect and ignores the DTPA's plain language).

### b.    Failure to Meet Rule 9(b)'s Heightened Pleading Standard

The heightened pleading standard required by Rule 9(b) for claims asserting fraud applies to DTPA claims, regardless of the provision invoked. *Gonzalez v. State Farm Lloyds*, 326 F. Supp. 3d 346, 350 (S.D. Tex. 2017). St. David's argues that Mock has not met this standard with regard to her "laundry list" DTPA claim.  As noted earlier, to state a claim under section 17.50(a)(1), Plaintiff must allege that there was "a false, misleading, or deceptive act or practice" that is

14

(1) specifically enumerated in section 17.46(b); and (2) relied on by Plaintiff to her detriment. TEX. BUS. & COM. CODE § 17.50(a); *Total Rx Care, L.L.C. v. Great N. Ins. Co.*, 2017 WL 3034083, at *10 (N.D. Tex. July 17, 2017).  Plaintiff alleges that St. David's violated two provisions enumerated in the DTPA "laundry list:"

> (12)     representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

> (24)     failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

TEX. BUS. & COM. CODE § 17.46(b)(12) & (24).  To state a claim under section (b)(12), a plaintiff "must allege (1) the existence of an agreement, and (2) a misrepresentation with respect to the terms of that agreement." *Ears & Hearing, P.A. v. Blue Cross & Blue Shield of Tex.*, No. 2019 WL 3557349, at *6 (W.D. Tex. Aug. 5, 2019).  St. David's argues that Mock has not identified an affirmative misrepresentation in her pleadings nor pled reliance on such a representation.

Mock responds that the Contract is the agreement at issue and the source of her § 17.46(b)(12) claim. She further argues that the Contract was misleading in that it represented to Mock that she would only be charged for treatment *services*.  In fact, Mock alleges, the contract permitted billing the non-service related ED Facility Fee, which is based on fixed overhead costs. Dkt. No. 43 at 20. Mock's pleading alleges:

> Defendant's failure to disclose its intention to bill Plaintiff and Class members a substantial emergency department Surcharge constitutes actionable consumer fraud or deceit because Defendant had exclusive knowledge that it would be billing Plaintiff and Class members such a Surcharge; this fact was not known or reasonably accessible to Plaintiff or Class members at the time of their emergency department visits; such Surcharges are substantial; and/or Defendant actively concealed its

> intention to bill Plaintiff and Class members such a Surcharge by failing to mention it in its Contract, in signage posted in the emergency room facilities or verbally during registration. . . . While [at St. David's emergency room], Plaintiff received no notice or warning, either in Defendant's Contract, in posted signage in the emergency department or verbally at the time of registration, as to the substantial Surcharge that Defendant intended to add (and did add) to Plaintiff's bill . . . .

Dkt. No. 21 at 8-9. This is adequately specific to meet the pleading requirements of Rule 9, which mandates that a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b).  Courts refer to Rule 9(b) requiring "the who, what, when, where, and how to be laid out." *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).  Mock has plainly done so with regard to this claim.  She has clearly pled the relevant agreement (the Contract), what duties or rights she claims it misrepresented, and the circumstances of her being presented with, and signing, the contract.  This is enough to meet Rule 9's requirements.

For the same reason, Mock's statement of her claim under § 17.46(b)(24) is also sufficient. To plead a § 17.46(b)(24) claim, Mock must establish: "(1) a failure to disclose information concerning goods or services, (2) which was known at the time of the transaction, (3) if such failure was intended to induce the consumer into a transaction, (4) which the consumer would not have entered had the information been disclosed." *Willowbrook Foods, Inc. v. Grinnell Corp.*, 147 S.W.3d 492, 506 (Tex. App.—San Antonio 2004, pet. denied). St. David's asserts that Mock failed to plead that St. David's failure to disclose the ED Facility Fee was intended to induce her into the transaction. But Mock has pled that St. David's conceals its ED Facility Fee in an effort to keep patients from seeking less costly treatment elsewhere. Dkt. No. 21 at 6-7.  Moreover, Rule 9 explicitly states that "intent, knowledge, and other conditions of a person's mind may be alleged

generally." FED. R. CIV. P. 9(b). The allegations of the pleadings are enough to meet the requirements of Rule 9, and to state a claim under the DTPA.

St. David's further argues that Mock has failed to adequately plead an "unconscionability" claim. To state a claim under the DTPA for unconscionable conduct, Mock must plead that St. David's engaged in conduct "which, to [Mock's] detriment, [took] advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." TEX. BUS. & COM. CODE § 17.45(5); *Bedgood v. Nissan N. Am., Inc.*, 2016 WL 3566689, at *4 (W.D. Tex. June 24, 2016); *Bradford v. Vento*, 48 S.W.3d 749, 760 (Tex. 2001). Once again, at this stage of the proceedings, Mock's pleadings are adequate to state a plausible claim that St. David's actions in not disclosing the ED Facility Fee were unconscionable.

### 3.        Statute of Limitations

St. David's next asserts that all of the class claims based on conduct occurring prior to May 21, 2017 (two years before Mock filed suit) are barred by the DTPA's two-year statute of limitations. *See* TEX. BUS. & COM. CODE § 17.565. Mock responds that she has brought a separate Declaratory Judgment Act claim not subject to the DTPA's statute of limitations. She cites *Walker v. Sears, Roebuck & Co.*,  853 F.2d 355, 363 (5th Cir. 1988), in support.  But *Walker* is case is not a case involving the Federal Declaratory Judgment Act and merely stands for the proposition that separate claims have separate statutes of limitations.  More to the point, the Federal Declaratory Judgment Act is not a substantive cause of action, but is a procedural vehicle that permits a party to obtain a declaration of her rights or obligations arising under *other* substantive law. *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937); *Reid v. Aransas County*, 805 F. Supp. 2d 322, 339 (S.D. Tex. 2011). "A request for declaratory relief is barred to the same extent that the

claim for substantive relief on which it is based would be barred." *Int'l Ass'n of Machinists & Aerospace Workers v. Tenn. Valley Auth.*, 108 F.3d 658, 668 (6th Cir. 1997). Because Mock brings her substantive claims under the DTPA, its two year statute of limitation applies, and any claims based on conduct occurring prior to May 21, 2017, would be barred. *See* TEX. BUS. & COM. CODE § 17.565; *see Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.")

### 4. Declaratory Judgment Act Claim

St. David's asserts that because Mock has failed to plead a viable DTPA claim, she cannot bring a Declaratory Judgment Act claim. Because the Court has found Mock has adequately stated a claim for relief pursuant to the DTPA, this argument fails.

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the Court **RECOMMENDS** that the District Court **GRANT IN PART and DENY IN PART** Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 39). Specifically, the undersigned recommends that the Court **GRANT** the motion as to Mock's claim seeking an injunction for lack of standings, any claims accruing prior to May 21, 2017, as time barred, but otherwise **DENY** the motion in all other respects. The Clerk is directed to remove this case from the docket of the undersigned and return it to the docket of the Honorable Robert Pitman.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

18

being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 31st of July, 2020.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE