IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MELANIE MOCK, On Behalf of Herself and Others Similarly Situated | § § § | |
| VS. | § § | NO. A-19-CV-611-RP |
| ST. DAVID'S HEALTHCARE PARTNERSHIP, L.P., LLP | § § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Motion to Dismiss (Dkt. No. 58); Defendant's Response (Dkt. No. 59); and Plaintiff's Reply (Dkt. No. 60). The District Court referred the motion to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules.

**I. BACKGROUND**

This is a putative class action suit in which Plaintiff Melanie Mock asserts DTPA and Federal Declaratory Judgment Act claims against Defendant St. David's Healthcare Partnership, L.P., LLP. Mock asserts that St. David's improperly charged her and other patients hidden emergency department fees for "overhead expenses" in the form of a surcharge. Mock seeks to proceed on behalf of all patients who received treatment at St. David's Emergency Room and who were charged certain emergency department fees. Mock filed the suit in state court and St. David's removed the suit to this Court pursuant to the authority granted in the Class Action Fairness Act, 28 U.S.C. § 1332(d).

After removal, St. David's asked the Court to dismiss the case with prejudice on several grounds. With minor exceptions, the motion was denied, based on the report and recommendation of the undersigned. Dkt. Nos. 54 & 57. Mock thereafter requested that the Court permit her to dismiss the case voluntarily pursuant to Rule 41(a)(2). She notes that the case was removed under CAFA, which contains a provision stating that "a district court shall decline to exercise jurisdiction . . . over a class action in which greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed," and certain other conditions are met (all of which are indisputably present here). *See* 28 U.S.C. § 1332(d)(4)(A)(i)(I). She continues:

> Although neither Plaintiff nor Defendants have previously raised the application of the exception in this case, Plaintiff now believes that at least two-thirds of emergency room patients at Defendant's hospitals must necessarily be citizens of the State of Texas and that only a very small minority of patients are likely to be citizens of other states who experienced a need for emergency room medical treatment during their stay in Texas.

Dkt. No. 58 at 2. After noting that two federal district courts had recently dismissed nearly identical suits *sua sponte* based on the two-thirds exception, Mock states that she "believes the propriety of the Court's subject matter jurisdiction is likely to be put into question sooner or later in this cause, either by Defendants or by the Court," and thus she "believes the case is proper to dismiss at the present time under Fed. R. Civ. P. 41(a)(2) before the Court must take up any additional dispositive matters in this cause." *Id.* at 3.

St. David's opposed the motion. Its primary contention is that Mock's objections to jurisdiction are untimely, and should have been raised sooner. It also argued that Mock has failed to carry her burden that CAFA's "local controversy" and "home state" exceptions apply, and also

argues that the case implicates certain federal policies. It also contends that dismissal of the case at this juncture would prejudice St. David's because it would require it to duplicate work and incur significant additional costs. In her reply, Mock states that she too would prefer to keep the case in federal court, but has concerns that the exception to jurisdiction in 28 U.S.C. § 1332(d)(4) is mandatory, and might be raised at a later time, by St. David's or *sua sponte* by the Court. Mock concedes that facially, the Court has jurisdiction under CAFA and that

> [i]f the Court agrees with Defendant that the lapse of time or other reasons makes it too late to raise any jurisdiction exceptions, and if this Court is content to hear this case regardless of any potential exceptions to CAFA jurisdiction, then Plaintiff has no problem with this case continuing to be litigated in federal court. However, if this Court determines that an exception to its jurisdiction applies and prevents this action from being heard in federal court, then the suit should be dismissed without prejudice and without penalty to Plaintiff. After all, it was Defendant that removed the case to federal court, but Plaintiff is content to have the case remain here.

Dkt. No. 60 at 3.

To eliminate any doubt on the fundamental question of the citizenship of the putative class, the Court held a status conference on November 6, 2020, notifying the parties of its concerns regarding the applicability of the exceptions to CAFA jurisdiction and requesting that the parties confer on a stipulation regarding whether two-thirds of the plaintiff class are citizens of Texas. The parties thereafter filed a Joint Stipulation in which they agree that "greater than two-thirds of the members of the proposed plaintiff class are residents of Texas." Dkt. No. 63 at ¶ 5. With this stipulation, the Plaintiff's motion to dismiss is ripe for decision.

## II. STANDARD OF REVIEW

In cases where an answer or a motion for summary judgment has been served on the plaintiff, the Federal Rules of Civil Procedure allow a plaintiff to dismiss a lawsuit over a defendant's

3

objection only "by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2); *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007). Dismissal pursuant to Rule 41(a)(2) is within the district court's discretion and is generally allowed unless "the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Hyde*, 511 F.3d at 509; *see also Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "Typical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense." *In re FEMA Trailer Formaldahyde Prod. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010). "That [the] plaintiff may obtain some tactical advantage over the defendant in future litigation is not ordinarily a bar to dismissal." *Hyde*, 511 F.3d at 509.

### III. ANALYSIS

CAFA allows defendants to remove class actions to federal court that involve: (1) a class of over one hundred members; (2) an amount in controversy exceeding $5,000,000; (3) primary defendants other than states, state officials, or other government entities; and (4) diversity of citizenship between at least one class plaintiff and at least one defendant. 28 U.S.C. §§ 1332(d)(2), (d)(5). However, this grant of jurisdiction under CAFA is subject to exceptions. If greater than two-thirds of the class members are citizens of the state in which the action was originally filed, the mandatory "local controversy" or "home-state" exceptions apply. *Id.* § 1332(d)(4)(A) & (B); *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 804, 810 (5th Cir. 2007). If less than two-thirds but more than one-third of the class plaintiffs are citizens of the state where the case was filed, the court has discretion to decline to exercise jurisdiction in the interest of justice. *Id.* § 1332(d)(3). As a result of the Joint Stipulation, it is undisputed that at least two-thirds of the

4

putative plaintiffs are citizens of Texas. St. David's also does not dispute that the other factors of the home state and local controversy exceptions are met as well.[1] Under the language of CAFA, therefore, the Court "***shall*** decline to exercise jurisdiction" over this case. 28 U.S.C. § 1332(d)(4). That would seem to settle matters.

St. David's, however, notes that the CAFA exceptions are "non-jurisdictional." Indeed, the Fifth Circuit (in concert with other circuits) views the exceptions as abstention obligations: "We have already recognized that the 'local controversy' and 'home state' exceptions require abstention from the exercise of jurisdiction and are not truly jurisdictional in nature." *Watson v. City of Allen, Tex.*, 821 F.3d 634, 639 (5th Cir. 2016) (citing *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 568 (5th Cir.2011)). The language of CAFA thus creates the awkward result that the exceptions "do[ ] not deprive federal courts of subject matter jurisdiction, but rather, act[ ] as a limitation upon the exercise of jurisdiction granted." *Wallace v. La. Citizens Prop. Ins. Corp.,* 444 F.3d 697, 701 (5th Cir. 2006). And because the provisions are viewed as non-jurisdictional, they may be waived. The most common manner in which that may happen is when the class plaintiff fails to raise the exceptions timely, usually in the format of seeking a remand of the case to state court. Indeed, that was the situation in *Watson*. After the defendants removed the case, the plaintiffs sought remand under the mandatory local controversy and home state exceptions, but did not do so within 30 days of the removal of the case. Joining the other circuits to have reached the issue, the Fifth Circuit held that seeking remand based on the mandatory CAFA exceptions was not a remand request based on a defect in removal, and was therefore not subject to the 30-day deadline of the removal statute (29

---

[1]The Joint Stipulation also states that St. David's is a citizen of Texas, with its principal place of business here. Further, it does not dispute that the complained-of conduct occurred in Texas, and Mock asserts only Texas state law claims.

U.S.C. § 1447(c)). *Watson*, 821 F.3d at 639. But this did not mean that a party could wait indefinitely to raise the issue, the court stated, and it joined several other circuits in concluding that a motion to remand based on the exceptions of § 1332(d)(4) "must be brought within a reasonable time." *Id.* at 640.

As to what a "reasonable time" is, the *Watson* court held that the 52 days the plaintiff took to file a motion to remand there was reasonable. *Id.* In a case in the San Antonio Division of this Court, the court held that the plaintiff filing an amended complaint, and then seeking remand 67 days after removal was reasonable and did not bar considering remand, *Lopez v. Progressive Cty. Mut. Ins. Co.*, 2019 WL 4876960 at *4 (W.D. Tex. Oct. 2, 2019), while a court in the Southern District of Mississippi concluded that a four month delay was not reasonable, *Myers v. Blue Cross & Blue Shield of Mississippi*, 368 F. Supp. 3d 1002, 1010 (S.D. Miss. 2019). A court in the Southern District of New York has held 87 days to be too long to wait to seek remand. *Calingo v. Meridian Res. Co. LLC*, 2011 WL 3611319, at *6 (S.D. N.Y. Aug. 16, 2011). Finally, a court declined to dismiss a case for lack of subject matter jurisdiction pursuant to the CAFA exceptions where the motion was filed two years after the suit was filed. *Martin v. Trott Law, P.C.*, 265 F. Supp. 3d 731, 744 (E.D. Mich. 2017).

Based on these cases, St. David's argues that Mock cannot invoke CAFA's local controversy and home state exceptions because she failed to raise them within a reasonable time having waited fourteen months to bring the issue up. The Court disagrees. With the exception of *Martin*, all of these cases arose in the context of motions to remand, and each addressed the inapplicability of the

30-day deadline to file a motion to remand under § 1447(c).[2] Most importantly, none of the cases involved a motion by a plaintiff to voluntarily dismiss their case pursuant to Rule 41(a)(2), as is the case here. Accordingly, it is debatable whether the "reasonable time" standard set forth in *Watson* is even applicable to this motion, as Rule 41(a)(2) sets no temporal deadline on seeking a voluntary dismissal, and Mock is not asking the Court to remand the case.

Even if a "reasonable time" standard *were* applicable, whether a particular period of delay is "reasonable" will vary from case to case, and depends on the facts and circumstances presented. *See, e.g., Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 142 (2d Cir. 2013). Here, in the circumstances of this case, the Court concludes that the Plaintiff's motion to dismiss was filed within a reasonable time. St. David's removed this case pursuant to CAFA on June 13, 2019, and almost immediately thereafter filed a motion to dismiss the case. Dkt. No. 1, 13. That motion became ripe on August 22, 2019, and then was dismissed as moot when Mock filed her Amended Complaint on September 3, 2019. Dkt. No. 21. St. David's then filed another motion to dismiss on October 3, 2019, which became ripe on December 9, 2019. Dkt. Nos. 39, 46. On January 28, 2020, the Court stayed the case

---

[2]*Martin* is distinguishable in many respects from this case. First, it was not removed but rather was filed originally in federal court by the plaintiffs, so remand was not an issue there. Instead, the defendant was seeking to have the court dismiss the suit for lack of jurisdiction based on CAFA's home state exception. As already noted, the federal courts do not view the exceptions as jurisdictional, and the fact that a case falls within the home state exception does not divest a court of jurisdiction. Here, Mock seeks dismissal not for lack of jurisdiction, but simply on a voluntary basis. Third, the court in *Martin* concluded that the defendant had failed to demonstrate that more than two-thirds of the plaintiffs lived in Michigan, meaning the case did not even fall within the exception. Here the parties stipulate that the case is within the exceptions. Finally, the *Martin* court also relied on the defendant's prior filing of a Rule 12(b)(6) motion that did not include an attack on jurisdiction, concluding that filing such a motion without also raising the CAFA argument barred him from seeking dismissal on a jurisdictional ground so far into the case. As already discussed, here the Plaintiff did very little requesting relief from the Court, and the case is still in its very early stages.

7

pending resolution of St. David's motion to dismiss, at St. David's request. Dkt. No. 47. Very shortly thereafter, the COVID-19 pandemic hit, and the Court issued the first of many emergency orders staying matters and altering scheduling orders in light of the pandemic. Dkt. Nos. 49, 51, 52. The most recent of these orders was just entered by Chief Judge Garcia yesterday.[3] Then, in May 2020, the District Court referred the motion to dismiss to the undersigned, and on July 31, 2020, the undersigned issued a Report and Recommendation on it. Dkt. No. 54. Both sides responded to the Report and Recommendation, with Mock objecting. The District Court adopted the Report and Recommendation on September 2, 2020. Dkt. No. 57. Eight days later Mock filed the motion to dismiss that is now before the Court.

Thus, in spite of the fact that the case has been pending in this Court for 19 months, it is (regrettably) still in its very initial stages. Indeed, all that has happened is the resolution of an initial motion to dismiss filed by St. David's that was largely rejected, and during its pendency the case was stayed. It was St. David's that removed the case, surely knowing full well that the case fell within the scope of the mandatory abstention provisions of § 1332(d)(4)(A) and (B). And it was St. David's that almost immediately after removal filed a motion to dismiss, which it renewed upon an amendment by Mock, and it sought a stay of the case while it was pending. Given that straight out of the box Mock was defending a motion to dismiss her claims—that was not ruled upon by the Court until September of 2020—seeking the voluntary dismissal of the case eight days later based on a concern that the home state and local controversy exceptions may cause the dismissal anyway, was "reasonable." *See Gold v. New York Life Ins. Co.*, 730 F.3d 137, 142 (2d Cir. 2013) (finding

---

[3]*See* Twelfth Supplemental Order Regarding Court Operations Under the Exigent Circumstances Created by the Covid-19 Pandemic (Jan.. 7, 2021), available at https://www.txwd.uscourts.gov/coronavirus-covid-19-guidance/.

motion to dismiss based on the home state exception to CAFA three years after case was filed was reasonable in light of discovery schedule imposed by the court). This is additionally true in light of the COVID-19 pandemic which has slowed the work of many courts, this one included.

One other important factor supports this conclusion. As Mock notes in her motion, in two cases filed in other districts by Mock's counsel, nearly identical to this one, the district courts *sua sponte* raised the applicability of the home state and local controversy exceptions under CAFA. *See Riley v. Houston NW Operating Co., L.L.C.*, 2020 WL 3103899 (S.D. Tex. June 11, 2020); *Strong v. Texas Health Resources et al.*, No. 4:19-CV-661-P, Dkt. No. 18 (N.D. Tex. June 16, 2020). Just as the situation is here, in both of these cases the district court raised the question of whether it was required to decline the exercise of jurisdiction over the case under CAFA, and thereafter both were dismissed voluntarily and re-filed in state district courts. And just like here, when the cases were dismissed under Rule 41, the suits had been pending for roughly one year, the hospital defendants had each filed a motion to dismiss under Rule 12(b)(6), and in *Riley* the court had ruled on the motion to dismiss.[4] It was largely due to these courts' actions that Mock raised the issue here, in an attempt to avoid more work being done in this Court before the Court raised the issue and the case was dismissed, as had happened in both *Riley* and *Strong*. All of this also supports the conclusion that the timing of Mock's dismissal motion was "reasonable."

The case law provides that "courts should freely grant a request for dismissal" under Rule 41. *Bartolowits v. Wells Fargo Bank, N.A.*, 2016 WL 6650858, at *1 (N.D. Tex. Nov. 10, 2016).

---

[4]The suit in *Riley* was filed on July 10, 2019, and the district court ruled on it on June 11, 2020, also raising the CAFA exceptions *sua sponte* in that order. The suit was dismissed on the plaintiff's request on July 2, 2020. In *Strong*, the suit was filed on August 22, 2019, a 12(b)(6) motion was filed on December 6, 2019, but never ruled on, and the case was dismissed (again, at the plaintiff's request) on the exact same date as in *Riley*—July 2, 2020.

Only when "a defendant will suffer some cognizable prejudice greater than the mere prospect of a second lawsuit, [should] voluntary dismissal without prejudice . . . be denied." *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990)). "Typical examples" of plain legal prejudice to a defendant in the 41(a)(2) context are "when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense." *In re: FEMA*, 628 F.3d at 162. None of that sort of plain legal prejudice is present here. As discussed above, the timing of Mock's motion is reasonable—from the outset Mock was defending a motion to dismiss, the case is still in its preliminary stages, and the parties have not engaged in discovery. Although more time than the Court would prefer has passed since removal, very little has actually occurred to move the case forward. Mock is not attempting to avoid an adverse ruling as she largely prevailed on St. David's motion to dismiss. Additionally, no limitations defense is adversely affected by her motion. If anything, the plaintiffs may suffer some statute of limitations damage through dismissal. All of this supports allowing Mock to voluntarily dismiss the case.

In its final request, St. David's asks that if the Court permits the dismissal of the case, the dismissal be conditioned on Mock paying St. David's attorneys' fees and costs incurred while the case was pending. St. David's notes that courts possess the power to impose such conditions on voluntary dismissals to alleviate any potential harm or prejudice to defendants. *LeCompte v. Mr. Chip*, 528 F.2d 601, 604 (5th Cir. 1976). Such conditions vary according to the stage in the proceeding at which the motion is made. Conditions, however, are most commonly imposed when a plaintiff seeks to dismiss her case at a late stage, after the defendant has invested substantial time and effort. *See, e.g., Hartford Accident & Indem. Corp. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d

10

352, 360 (5th Cir. 1990); *Ritchey v. LeDoux*, 164 F.R.D. 186, 189 (E.D. La. 1995) (conditioning dismissal on payment of attorneys' fees and costs and stipulation that discovery produced would be usable in any future state court suit). Here, for reasons already described, imposing a condition that Mock pay St. David's attorneys' fees is not warranted. First, in large part, the fees St. David's incurred in this case were due to its own action in removing a case to federal court it knew fell within that the exceptions to jurisdiction. St. David's—not Mock—was in possession of the relevant facts on that issue. Second, the case has not progressed very far, despite the length of time it has been pending. St. David's has not invested substantial time and effort in this case to date, and there is little reason to believe that the work it has done on the case in this Court will not have value when the case is refiled in state court.[5]

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the Court RECOMMENDS that the District Court GRANT Plaintiff's Motion to Dismiss (Dkt. No. 58) and DISMISS this case WITHOUT PREJUDICE pursuant to Rule 41(a)(2). The Clerk is directed to remove this case from the docket of the undersigned and return it to the docket of the Honorable Robert Pitman.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See*

---

[5] St. David's also argued that the Court should not dismiss this case because it "implicates federal transparency law" and First Amendment concerns. Those, however, are not bases on which the Court could retain jurisdiction if it was so inclined, and are further irrelevant arguments when the question is whether the Plaintiff should be permitted to dismiss the case on her motion.

*Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 8th day of January, 2021.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE